

**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 28, 2025

Cara McNamara, Esq.
Assistant Federal Public Defender
Boston Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02110

FILED IN
OPEN COURT
5/9/25

Re: United States v. Glenroy Miller
Criminal Nos. 24-cr-10010-NMG; 24-10021-NMG; and 25-cr-10040-NMG

Dear Attorney McNamara:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Glenroy Miller ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

At the earliest date available from the Court, Defendant will plead guilty to:

a. 24-cr-10010-NMG:

Count One: Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1);
Count Two: Felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1);
Count Three: Felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1);
Count Four: Possession of a machinegun, in violation of 18 U.S.C. § 922(o); and
Count Five: Trafficking in firearms, in violation of 18 U.S.C. § 933(a)(1).

b. 24-cr-10021-NMG:

Count One: Bank fraud conspiracy, in violation of 18 U.S.C. § 1349.

c. 25-cr-10040-NMG:

Count One: Bank fraud conspiracy, in violation of 18 U.S.C. § 1349;

<u>Count Two</u>: Bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344 and 2; and
<u>Count Eight</u>: Conspiracy to steal and possess stolen mail, in violation of 18 U.S.C. § 371.

Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of them.

The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. §§ 1005, 1014, or 1028A based on the conduct underlying the crimes charged these cases that are known to the U.S. Attorney at this time.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

a. <u>24-cr-10010-NMG</u>:

<u>Counts One, Two, Three, and Five</u>: incarceration for 15 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

<u>Count Four</u>: incarceration for 10 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

b. <u>24-cr-10021-NMG</u>:

<u>Count One</u>: incarceration for 30 years; supervised release for 5 years; a fine of $1,000,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

c. <u>25-cr-10040-NMG</u>:

<u>Counts One and Two</u>: incarceration for 30 years; supervised release for 5 years; a fine of $1,000,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

<u>Count Eight</u>: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

3. <u>Sentencing Guidelines</u>

The parties agree on the following calculations:

    a) Docket Nos. 24-cr-10021 and 25-cr-10040 are grouped for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of harm or loss. USSG § 3D1.2(d);

    b) Docket No. 24-cr-10010 is excluded from the above-mentioned group. USSG § 3D1.2(d);

<u>24-cr-10021 and 25-cr-10040 (Group 1)</u>:

    c) Defendant's base offense level is 7, because the defendant was convicted of an offense referenced to this guideline; and that offense has a statutory maximum term of imprisonment of 20 years or more. USSG § 2B1.1(a)(1);

    d) Defendant's offense level is increased by 12, because Defendant caused a loss of more than $250,000 but not more than $550,000. USSG § 2B1.1(b)(1)(G);

    e) Defendant's offense level is increased by 4, because Defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. USSG § 3B1.1(a);

    f) Defendant's offense level is increased by 2, because it involved more than 10 victims. USSG § 2B1.1(b)(2);

    g) The U.S. Attorney will submit that the Defendant's offense level is increased by 2, because the defendant was in the business of receiving and selling stolen property. USSG § 2B1.1(b)(4). Defendant reserves the right to argue that this enhancement does not apply.

    h) The Defendant argues that the resulting adjusted offense level for this group is 25. The U.S. Attorney argues that the resulting adjusted offense level for this group is 27;

<u>24-cr-10010 (Group 2)</u>:

    i) Defendant's base offense level is 20 because the offense involved a firearm that is described in 26 U.S.C. § 5845(a); and Defendant was a prohibited person at the time of the offense; and also because Defendant was convicted under 18 U.S.C. § 933. USSG § 2K2.1(a)(4)(B);

    j) Defendant's offense level is increased by 2, because the offense involved three to seven firearms. USSG § 2K2.1(b)(1);

    k) Defendant's offense level is increased by 2, because Defendant sold a firearm knowing or having reason to believe that such conduct would result in the receipt of the firearm by an individual who was a prohibited person. USSG § 2K2.1(b)(5)(B);

    l) Defendant's resulting adjusted offense level for this group is 24;

<u>Combined offense level</u>:

    m) One additional unit is assigned because the adjusted offense level for Group 2 is three levels less serious than Group 1. USSG § 3D1.4(a);

    n) The combined offense level is 27 because the Group with the highest offense level is not increased with one unit. USSG § 3D1.4; and

o) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes. USSG § 3E1.1.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3 above;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $900, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution of $158,689.80, plus prejudgment interest. $134,000 of the total restitution shall be joint and several with Nadaje Hendrix (Docket No. 24-cr-10021-JEK); and

f) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.  Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what

happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

> a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and
>
> b) Defendant will not challenge Defendant's <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offenses, assets used to facilitate Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

The assets to be forfeited specifically include, without limitation, the following:

> a. An amount to be determined at sentencing, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that amount of the forfeiture money judgment is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from or obtained directly or indirectly from the offenses.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property

involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Probation and Pretrial Services Office may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.     Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.     Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Kriss Basil, Lucy Sun, or Philip Cheng.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
WILLIAM ABELY
Chief,
Criminal Division

_____
KRISS BASIL
LUCY SUN
PHILIP CHENG
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve these cases.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my cases. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Glenroy Miller
Defendant

Date: 5-9-25

I certify that Glenroy Miller has read this Agreement and that we have discussed what it means. I believe Mr. Miller understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in these cases.

_____
Cara McNamara, Esq.
Attorney for Defendant

Date: 5/9/25